IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JENNIFER WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:21-cv-00151 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| RANDSTAD USA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Plaintiff Jennifer Wilson, a Tennessee resident, filed a pro se employment discrimination Complaint against Randstad USA under Title VII of the Civil Rights Act of 1964 ("Title VII"). (Doc. No. 1). Plaintiff also submitted an application to proceed as a pauper. (Doc. No. 2). This matter is before the Court for a ruling on the application and initial review of the Complaint.

## I. APPLICATION TO PROCEED AS A PAUPER

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Plaintiff is unemployed; she receives a very small, "sporadic" unemployment payment that is exceeded by basic expenses; and she reports no significant assets. (Doc. No. 2). Because it appears that Plaintiff cannot pay the full civil filing fee in advance without undue hardship, the application will be granted.

## II. INITIAL REVIEW

The Court must conduct an initial review of the Complaint and dismiss any action filed in forma pauperis if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov.

15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e).").

**A. Legal Standard**

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Even under this lenient standard, however, pro se plaintiffs must meet basic pleading requirements and are not exempted from the requirements of the Federal Rules of Civil Procedure. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

In reviewing the Complaint, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The Court must then consider whether those factual allegations "plausibly suggest an entitlement to relief," *Williams*, 631 F.3d at 383 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)), that rises "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court need not accept as true "unwarranted factual inferences," *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)), and "legal conclusions masquerading as factual allegations will not suffice." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) (explaining the role of courts is not "to

2

ferret out the strongest cause of action on behalf of pro se litigants" or to "advis[e] litigants as to what legal theories they should pursue").

## B. Factual Background

In September 2020, Randstad USA hired Plaintiff, an African-American woman, to be a home-based customer service representative. (Doc. No. 1 at 6). Randstad sent Plaintiff onboarding paperwork to complete and a computer to use. (*Id.*) Soon after, Plaintiff began an online training class. (*Id.*) After two days of the training class, Plaintiff sent an email to Randstad resigning from the position and requesting a paycheck. (*Id.*) Randstad directed Plaintiff to return the computer. (*Id.*) After Plaintiff again requested a paycheck, Randstad instructed her to "complete her onboarding" paperwork. (*Id.*) On October 5, 2020, Plaintiff enquired about her paycheck for a third time. (*Id.*) In response, Randstad stated that Plaintiff had not completed her onboarding paperwork. (*Id.*) Plaintiff responded by calling Randstad "racist." (*Id.*) Plaintiff alleges that her two-day "job performance was satisfactory" and that she did not hear about "other people not getting paid." (*Id.* at 7).

## C. Discussion

The Complaint alleges Randstad engaged in discrimination under Title VII by failing to pay Plaintiff for the several days of training prior to Plaintiff's resignation. (*Id.* at 7). As relevant here, Title VII makes it unlawful for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her "compensation, terms, conditions, or privileges of employment, because of such individual's race [or] color[.]" 42 U.S.C. § 2000e-2(a)(1). To state a Title VII discrimination claim, Plaintiff must plausibly allege that: (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was qualified for the position in question; and (4) she was treated differently from similarly

3

situated individuals outside of his protected class. *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 709 (6th Cir. 2006); *Smith v. City of Salem, Ohio*, 378 F.3d 566, 570 (6th Cir. 2004) (citing *Perry v. McGinnis*, 209 F.3d 597, 601 (6th Cir. 2000)). However, Plaintiff need not establish all elements of a prima facie case of discrimination at this stage. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). So long as the complaint "provides an adequate factual basis" for a Title VII discrimination claim, it satisfies pleading requirements. *Serrano v. Cintas Corp.*, 699 F.3d 884, 897 (6th Cir. 2012) (citing *Lindsay v. Yates*, 498 F.3d 434, 439–40 (6th Cir. 2007)).

Even construing the Complaint most liberally, however, Plaintiff has not stated a colorable Title VII discrimination claim. The Complaint alleges that Plaintiff is an African-American woman; Plaintiff participated in two days of training with Randstad; Plaintiff voluntarily resigned; and Plaintiff had a disagreement with Randstad about payment for those two days that involved the completion of onboarding paperwork. Aside from Plaintiff's own unsupported assertion that Randstad is "racist," which the Court need not accept as true at this stage, *DirectTV, Inc.,* 487 F.3d at 476, the Complaint contains no factual basis for a claim of discrimination on the basis of race or color. In particular, Plaintiff makes no plausible allegation that she was denied pay in favor of a person who was not a member of a protected class.[1] The Complaint therefore fails to allege that Plaintiff was treated differently than others because of her race or color. While the Court does not doubt that Plaintiff feels aggrieved by her pay dispute with Randstad, she has not provided an adequate basis for a Title VII discrimination claim. This claim, therefore, must be dismissed.

---

[1] It is of no moment that the Complaint states Plaintiff "did not hear" about other people not getting paid. (Doc. No. 1). This is not an allegation that others of any specific group were paid while Plaintiff was not, but, rather, a statement that Plaintiff has no information about any pay circumstances other than her own. This is insufficient to plausibly allege the different treatment of similarly-situated individuals.

4

## III. CONCLUSION

For the reasons explained above, the Court concludes that Plaintiff's Title VII discrimination claim must be dismissed.

An appropriate order will be entered.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE